IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANGEL RICHARDS, SCHRUNDA SIMPSON, KARLA MONTERROSA, PATRICIA IDROGO, SANDRA RICHARDSON, and SHEILA HART, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTHWESTERN BELL TELEPHONE L.P., a/k/a AT&T COMMUNICATIONS OF TEXAS, LLC, a/k/a AT&T SOUTHWEST; and AT&T SERVICES, INC., <br><br> Defendants. | CIVIL ACTION NO. 5:20-cv-685 |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS AND BRIEF IN SUPPORT**

The above-named Plaintiffs file this Motion for Attorneys' Fees and Costs ("Motion"), and state:

### I.   PROCEDURE AND FACTS

This action is one of eleven progeny cases from the collective action of *Mosley, et al., v. AT&T Services, Inc., et al.*, which was pending in the Northern District of Texas, Case No. 18-cv-1145. The 287-person collective action was decertified by agreement on April 7, 2020. Plaintiffs sued the above-named Defendants ("Defendants") under the Fair Labor Standards Act ("FLSA") for unpaid overtime pay. Plaintiffs alleged that Defendants' timekeeping system failed to account for and pay Plaintiffs for all of the hours Plaintiffs performed work for Defendants. Specifically, Plaintiffs claimed the company's use of an exception timekeeping system – where any time worked beyond an individual's normal shift start and stop times must be reported or it is not paid – violated

the FLSA by failing to pay Plaintiffs for their actual hours of work which were in excess of 40 in a workweek.

Recently, the Defendants presented Plaintiffs with offers of judgment for each of the Plaintiffs in this case. Plaintiffs' counsel presented each individual Plaintiff with the offer applicable to him/her. All Plaintiffs accepted the offers, and in accordance with Federal Rule of Civil Procedure 68, the offers and acceptances were filed with the Court. The Rule 68 offers included reasonable attorneys' fees and costs but those amounts are to be determined by the Court. Thus, Plaintiffs file this Motion requesting the Court award reasonable and necessary attorneys' fees. Plaintiffs are waiving costs in this case.

The FLSA entitles Plaintiffs to recover their attorneys' fees and costs. 29 U.S.C. § 216(b) ("The court '**shall**' award reasonable costs and attorneys' fees.") (emphasis added). The three law firms that originally represented these plaintiffs in the *Mosley* litigation initiated this individual case. The reasonable fee Plaintiffs request is the combined lodestar amount of $99,817.50. This is based on an hourly rate of $650.00 for attorney J. Derek Braziel ("Braziel"), an hourly rate of $595.00 for attorney Glen Dunn, an hourly rate of $590 for attorney Jeff Brown, an hourly rate of $350.00 for attorney Elizabeth Beck, an hourly rate of $495.00 for attorney Michael Hallock, and an hourly rate of $195.00 for paralegal Maria Ruiz. The lodestar is the product of the hours set forth in counsels' well-documented time records which reflect sound billing judgment. Mr. Braziel arrived at the lodestar after he eliminated all time billed for clerical tasks and then made voluntary itemized reductions for unproductive, excessive, or redundant work. Mr. Dunn eliminated all billing from his firm's administrative staff, billing entries regarding internal firm communications and most communications between co-counsel, and 15-20 hours of attorney time spent in depositions because a now former associate failed to accurately record his time. Consequently, the Court should grant Plaintiffs' Motion.

## II.     LEGAL STANDARDS

### A.  Attorneys' Fees Under the FLSA are Mandatory

A Plaintiff is a prevailing party for purposes of an FLSA fee award if he obtains at least some relief on the merits of his claim. *Tyler v. Union Oil Co. of Calif.*, 304 F3d 379, 404 (5th Cir. 2002). An award of attorney's fees to a prevailing Plaintiff is mandatory in an FLSA case: a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant" See 29 U.S.C. § 216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985).  Vindication through a consent decree (*Hanrahan v. Hampton*, 446 U.S. 754, 757, 100 S. Ct. 1987, 64 L. Ed. 2d 670 (1980) (per curiam)) or a Rule 68 offer of judgment (*Delta Air Lines v. August*, 450 U.S. 346, 352, 101 S. Ct. 1146, 67 L. Ed.2d 287 (1981)) also entitles a successful plaintiff to attorney's fees.

Attorneys' fees awards under the FLSA are governed by the lodestar method, and are determined by the trial court, not the jury. *Saizan v. Delta Concrete Prods.*, Co., 448 F. 3d 795, 799 (5th Cir. 2006).  Under the *lodestar* method, a court first determines the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating attorneys. *Louisiana Power & Light Co. v. Kellstrom*, 50 F. 3d 319 (5th Cir. 1995).  Then, the court must determine a lodestar by multiplying the reasonable hours by the reasonable hourly rates. *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541 (1984)).

After calculating the lodestar, the court may adjust the lodestar amount upward or downward based upon its analysis of twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The twelve Johnson factors are:

(1) the time and labor required for the litigation; (2) the novelty and difficulty of the

>questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F. 2d at 717–19.

The Fifth Circuit and the Supreme Court emphasize that there is a "strong presumption" that the lodestar amount is reasonable. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Perdue v. U.S. ex. rel. Kenny A.*, 559 U.S. 542, 552, 130 S. Ct. 1662 (2010)). The lodestar "should only be modified in exceptional cases." *Watkins v. Forcid*, 7 F. 3d 453, 457 (5th Cir. 1993).

Fee applicants bear the burden of establishing the appropriate hours and hourly rates and proving they exercised billing judgment. *Walker v. City of Mesquite, Tex.*, 313 F.3d 246, 251 (5th Cir. 2002); *Riley v. City of* Jackson*, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). Billing judgment requires documentation of the hours charged and of hours not charged because they were unproductive, excessive, or redundant. *Saizan v. Delta Concrete Products Co.*, 448 F.3d 759, 799 (5th Cir. 2006). The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment. *Id.*; *Walker*, 313 F.3d at 251.

A fee applicant can only meet his burden by presenting evidence that is adequate for a court to determine what hours should be included in the reimbursement. *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990). Thus, courts generally require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours. *Id.* If the documentation is vague or incomplete, a court may reduce the hours. *Kellstrom*, 50 F.3d at 324.

### B. Attorneys' Fees in FLSA Cases Further the FLSA's Purpose and Often FAR Exceed the Amounts Recovered by Plaintiffs.

"[A]ttorney fees are an integral part of the merits of FLSA cases," *Shelton v. MP. Ervin*, 830 F.2d 182, 184 (11th Cir. 1987), and, as courts repeatedly explain, the ability of FLSA claimants to recover a reasonable attorney's fee is crucial to the statute's enforcement scheme. *See, e.g.*, *Fegley v. Higgins*, 19 F.3d 1126, 1134–35 (6th Cir. 1994) (the "purpose of the FLSA attorney fees provision is to ensure effective access to the judicial process" and "an award . . . 'encourages the vindication of congressionally identified policies and rights'"); *United Slate, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984) (FLSA attorney's fee analysis "must reflect the obvious congressional intent that the policies enunciated in FLSA Section 2 be vindicated, at least in part, through private lawsuits"); *Maddrix v. Dize*, 153 F.2d 274, 275–76 (4th Cir. 1946) ("Obviously Congress intended that the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs"); *Estrella v. P.R. Painting Corp.*, 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) (FLSA fee-shifting provision is "designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements"); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 952 (E.D. Wis. 2003) (FLSA's fee-shifting provision "exists to enable plaintiffs to employ reasonably competent lawyers without cost to themselves if they prevail and, thereby, to help ensure enforcement of the substantive provisions of the FLSA").

Nonexempt employees are generally hourly-paid workers whose hourly rates are well below the hourly rates charged by attorneys. Given the disparity between the hourly rates of workers compared to the rates of their attorneys, it should not be surprising that attorneys' fees for

even simple cases often well exceed the unpaid overtime amounts due to employees. With the hourly-paid workers Consistent with the above principles, it is commonplace for FLSA attorney's fee awards to greatly exceed the amount of the plaintiff's recovered unpaid wages. *See, e.g., Howe v. Hoffinan-Curtis Partners Ltd, LLP*, 215 Fed. Appx. 341 (5th Cir. 2007) (finding that "[g]iven the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples" and granting attorneys' fees of $129,805.50 with damages of $23,357.30); *Lucio-Contu v. Vela*, 239 Fed. Appx. 866 (5th Cir. 2007) ($4,696.79 in damages for three plaintiffs and $51,750 in attorney's fees); *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) ($1,698.00 in damages and $9,250 in attorney's fees); *Fegley*, 19 F.3d at 1134-35 ($7,680 in damages and $40,000 in fees); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir. 1983) ($20,000 in damages and $100,000 in attorney's fees); *Albers v. Tri-State Implement, Inc.*, 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) ($2,137.97 in damages and $43,797 in fees); *Heder*, 255 F. Supp. 2d 947, 962 (E.D. Wis. 2003) ($3,540.00 in damages and $36,204.88 in fees). *Roussel v. Brinker International, Inc.*, 2010 WL 1881898 (S.D. Tex. 2010) (awarding attorney fee recovery of approximately $1,600,000.00 on recovery of approximately $200,000.00 for plaintiffs). Indeed, if statutory fees under the FLSA were limited by the plaintiff's recovery, the vast majority of FLSA violations in this nation would go unvindicated because workers simply would be unable to find private lawyers to take their cases on an individual basis. *See Heder*, 255 F. Supp. 2d at 952.

### III.  ANALYSIS

Based on the lodestar analysis, Plaintiffs seek $99,817.50 in attorneys' fees. This amount is supported by: (a) an analysis of the reasonable hours spent working on this case; and (b) the reasonable hourly rates. These factors, and the *Johnson* factors, are discussed below, and are supported by a sworn declaration from J. Derek Braziel (attached as Exhibit A), a sworn

declaration from Glen Dunn (attached as Exhibit B), time records for the three firms (attached as Attachment 1 Exhibits A and as Attachments 1-3 of Exhibit B), as well as an extensive list of recent decisions setting hourly rates of labor and employment attorneys working in the Western District of Texas (Exhibit C).

### A. The Number of Hours Expended to Achieve 100% Recovery is Reasonable

Plaintiffs seek an award of attorneys' fees based on 169.63 hours of attorney and paralegal time in this case. Braziel Dixon, LLP tracks its time through a software program by Iridesco, LLC d/b/a Harvest. A report reflecting the hours of work sought herein is attached to Exhibit A as Attachment 1. It is chronologically organized and accurately reflects who billed on the file, on what date, and for what set of tasks. In their Declarations, Mr. Braziel and Mr. Dunn describe the work performed, time charged, and the reasonableness and necessity of such work and charges. *See* Exhs. A & B.

In this case, AT&T's data production totaled approximately 445.6 MBs, which included over 908,022 rows of IEX data, 18,700 rows of HVD data and 11,088 rows of payroll data. Plaintiffs had to review this data line by line to determine the damages in the case for purposes of complying with Rule 26's disclosure requirements. Plaintiffs have deposed AT&T local, regional and nationwide corporate and management employees, across these *Mosley* progeny cases and in their nationwide FLSA collective action pending in the Northern District of Illinois, however, Plaintiffs have not submitted bills for any the activity associated with those defendant depositions in this matter.

Braziel and Dunn exhibited billing judgment in two different ways. First, Mr. Braziel exercised judgment in not recording time for duplicative, unnecessary, or purely clerical tasks. Both Mr. Braziel and Mr. Dunn wrote off all time worked by their administrative staff and all costs incurred in the litigation,

After writing the above time off, further billing judgment was used by excluding additional time for unnecessary or duplicative tasks. These time entries that were written off are noted on the attached report from Mr. Dunn.  Mr. Dunn has attached a separate summary of his billing activity that was stricken as a result of billing judgment.  Exhibit B, Attachment 2.  In conclusion, 169.63 hours to handle this matter to date is very reasonable and is likely lower than the total hours billed by Haynes and Boone to AT&T by a significant margin.  Plaintiffs asked AT&T's counsel to share their billing records (or even summaries showing total hour worked) on this matter after Defendants characterized Plaintiffs bills as "unreasonable," without any explanation, and then demanded that Plaintiffs "significantly decrease" their fees, to ascertain if their client agreed with their characterization, but they declined.

As stated in Plaintiff's Rule 26 Initial Disclosures, the absolute maximum amount of damages available to Plaintiffs in this case was <u>estimated</u> at $1737.44  This figure was calculated by analyzing the data provided by Defendants showing the log in and log out times for Plaintiffs along with their scheduled shift hours.  A time-intensive review of the records allowed Plaintiffs to identify the weeks where they worked unpaid hours.  The data was also analyzed to determine in which weeks Plaintiffs worked in excess of 40 hours per week, thus making the extra hours overtime hours.  Defendants in discovery ultimately revealed Plaintiffs did not work in excess of 40 hours in *every* week they were employed due to holidays, illness, personal and medical leave, etc.  For some individuals, there were dozens of overtime weeks while others scarcely had any overtime weeks.  Nevertheless, Plaintiffs recovered $4,074.88, which was 134% more than what Plaintiffs calculated was due under the FLSA, along with getting one of the largest companies in the United States to confess judgment.  The hours expended are reasonable and the results obtained cannot be surpassed.

### B. The Hourly Rates for Plaintiffs' Counsel Are Reasonable.

"Reasonableness is a range, not a point." *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005) (Judge Posner addressing sentencing ranges). Once a "fee applicant [ ] produce[s] satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," the rate "is normally deemed to be reasonable." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Courts note the relevant community for fees is district-wide—not by city or division. *See, e.g., Lewallen v. City of Beaumont*, 394 Fed. Appx. 38, 46 (5th Cir. 2010); *Treadway v. Otero*, No. 2:19-CV-244 [Doc. 157] at p. 9 (S.D. Tex. Oct. 6, 2020) (citing cases and concluding: "When it comes to parsing between divisions, it appears that it is the district, rather than the division, that should govern the decision."). Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there. *See, e.g., Watkins,* 7 F.3d at 458 (party seeking fees submitted "affidavits from other attorneys in the community showing prevailing market rates in the community"). *Meesook v. Grey Canyon Family Med., P.A.*, No. 5:13-CV-729-XR, 2014 WL 5040133, at *3 (W.D. Tex. Oct. 8, 2014). A more disinterested and objective approach is to examine a significant number of recent decisions and collect the rates approved in those decisions.[1]  This is precisely what is included in Exhibit C – a listing of labor and employment attorneys on both sides of the bar and recent decisions approving hourly rates.

J. Derek Braziel's hourly rate of $650.00 is reasonable as are Mr. Dunn's rate of $595 per hour and Mr. Brown's rate of $590 per hour. Braziel has practiced labor and employment since 1995, and regularly represents plaintiffs in FLSA cases in Federal District Court. District Courts

---

[1]  It is unfortunate there is not a scientifically valid study which sets forth rates found reasonable in each judicial district. As this Court has noted, the State Bar of Texas last published a rate survey in 2015, but discontinued the survey after methodological flaws precluding the scientific validity of the survey were pointed out. *Hackler v. Tolteca Enterprises, Inc.*, No. SA-18-CV-911-XR, 2021 WL 3813377, at *2 (W.D. Tex. Aug. 26, 2021).

in the Western District of Texas have found reasonable similar rates for attorneys with similar (or even fewer) years of experience. For example, Laura O'Donnell, the senior partner overseeing this litigation for Defendants has an inflation adjusted market rate of $563.52 for defending these same Defendants in other cases which are part of the *Mosley* progeny just like this case. On December 9, 2020, Defendants filed a motion seeking attorneys' fees for her work defending a San Antonio FLSA case where she testified that $555 per hour was reasonable. *See* Defendants' Motion for Attorneys' Fee Award filed in *Harrington v. Southwestern Bell Telephone L.P.*, No. 5:20-CV-00770-JKP-RBF (Doc. 31) at p. 6 (W.D. Tex. San Antonio) Plaintiffs' Response in Opposition to Defendants' Motion for Attorneys' Fee Award filed in the same case. See *Id.* at Doc. 36, p. 11 (referring to O'Donnell's rate of $555.00 an hour). The Court should note that this rate does not take into consideration delay in payment or the risk of non-payment in a contingency fee case.

Similarly, on August 23, 2019, Judge Royce C. Lamberth granted fees at the rate of $585 for attorney Colin Walsh, a 2011 law school graduate, in a San Antonio employment discrimination and retaliation case. *See Johnson v. Southwest Research Institute*, No. 5:15-cv-297 (Doc. 176) at p. 17 (W.D. Tex. San Antonio). The fee request was based, in part, on Mr. Walsh's stated rate of $585.00 per hour. *See* Declaration Under Penalty of Perjury of Colin W. Walsh (Doc. 152-1) at p. 6, ¶ 12 ("My current hourly rate—a rate that clients pay me when they choose representation on an hourly basis rather than on a contingency fee basis—is $585/hour. I charge and receive this rate in the Austin market (where I office) and in the San Antonio market (where I frequently have clients).") Adjusted for inflation from the year of the court's ruling (2019) to the end of 2021, using the Consumer Price Index for legal services as generated by the U.S. Bureau of Labor Statistics, that rate is $600.44 per hour. In April 2021, Mr. Walsh was awarded his current $655 hourly rate for work on a dispositive motion in *Broadband Management Services, LLC v. Greenfield Communications, Inc.,* No. D-l-GN-20-006254 (353rd District Court Travis County).

In 2015, Judge Sam Sparks awarded fees in an FLSA cases for Rachhana Srey, a 2004 law school graduate with only 11 years of experience at the time, at the rate of $425 per hour, which is $484.32 in today's dollars. *Clark v. Centene Corp.*, No. A-12-CA-174-SS, 2015 WL 6962894, at *8 (W.D. Tex. Nov. 10, 2015)

The same is true of courts in other jurisdictions. *See, e.g.*, *Spence v. Irving Holdings, Inc.*, No. 3:10-cv-142-F [Doc. 201] (N.D. Tex.—Dallas 2011) (Furgeson, J.) ($650.00 and $600.00 per hour); *Kostić v. Texas A&M Univ. – Commerce*, No. 3:10-cv-02265-M [Doc. 281] (N.D. Tex.—Dallas 2015) (Lynn, J.) ($650.00 per hour). Elizabeth Beck's hourly rate of $350.00 is reasonable as a 4th year lawyer. Federal courts in Texas have previously approved billing rates for associates with similar experience at the rate of $295.00 an hour, *Gingrass v. J.F. Moore International Inc.*, No. 4:15-cv-00837 (S.D. Tex., 2015) (Hittner, J.), and $250.00 an hour, *Rodriguez v. Mechanical Technical Services, Inc.*, No. 1:12-cv-710 (W.D. Tex., 2015) (Ezra, J.), but these rates have not been adjusted for inflation. Rather than string cite the recent fee awards in the Western District, Exhibit C (incorporated by reference here as if fully set forth) provides a listing of recent fee rates approved in the Western District along with explanations of those rates and citations to the court documents where those rates are found.

The requested rates are in-line with those awarded in similar FLSA litigation. *See, e.g., Black v. SettlePou, PC*, an FLSA case, where the Honorable Ed Kinkeade determined that an hourly rate of $450 per hour for lead counsel Joseph H. Gillespie (a 2002 law graduate) "was consistent with the hourly wages of similarly situated attorneys in the Dallas area." 3:10-cv-01418-K, 2012 WL 3638681, *4 (N.D. Tex. Aug. 24, 2012) *rev'd on other grounds,* 732 F.3d 492 (5th Cir. 2013); *Ransom v. Patel*, 859 F. Supp.2d 856 (W.D. Tex. 2012) (partners $350 and $325; first-year associate $180; legal assistant $60); *West v. Border Foods, Inc.*, 2007 U.S, Dist. LEXIS 43423, *6-7 (D. Minn. June 8, 2007) (attorney rates ranging from $550-$275 and a non-attorney

rate of $125); *Chan v. Sung Yue Tung*, 2007 U.S. Dist. LEXIS 33883, *9-12 (S.D.N.Y. May 7, 2007) (senior partner $450; senior associate $300; associate $200; law clerk/pre-admitted law school graduate $100; paralegal $50-$150).

### C. The *Johnson* Factors Do Not Justify an Adjustment of Fees

The *Johnson* factors are applied below:

(a) The time and labor required for the litigation: See above.

(b) The novelty and difficulty of the questions presented: Plaintiffs anticipate that the fact that Plaintiffs pursued a higher damages figure based on the above novel theories will be used as an excuse to attempt to "gut" their request for attorney's fees. Such a result would be not only patently unfair but would also serve to discourage any original or creative thinking as applied to FLSA cases.

(c) The skill required to perform the legal services properly: Average skill was required.

(d) The preclusion of other employment by the attorney due to acceptance of the case: By accepting Plaintiff's case, the firms were precluded from accepting other employment. If the firms had not expended time and resources on this case, it would have devoted time and resources to other cases and compensable work. Because of this case, the firm has forgone the opportunity to perform other work for clients that would likely have paid far more quickly and profitably.

(e) The customary fee: This matter was handled on a pure contingent fee basis, which is customary, although many firms charge clients their costs, or some others small retainer, neither of which the firms did in this case. The fee agreement provides for the higher of 40% of the recovery of unpaid overtime wages or the court-awarded fees.

(f) Whether the fee is fixed or contingent: The Firms took this case on a pure contingent fee basis. Accordingly, the Firms have, as of this day, not made a penny on this case, and has not charged Plaintiffs a single penny either.

(g) Time limitations imposed by the client or the circumstances: Not applicable.

(h) The amount involved and the result obtained: Plaintiffs recovered 100% or more of their unpaid overtime wages for three years (the maximum allowed under the FLSA), plus liquidated damages. Defendant AT&T, a Fortune 100 company, confessed judgment. Forcing Defendants to confess judgment and recovering 100% or more of everything the FLSA provides is a result that cannot be surpassed.

    (i)    The experience, reputation, and ability of the attorneys: Nearly 40 years of combined experience, with good reputation and ability. See Braziel and Dunn declarations at Exhs. A & B.

    (j)    The "undesirability" of the case: As a collective action. The *Mosley* case was desirable as a collective action. However, when splintered into 11 cases each with between 3 and 10 individual plaintiffs, this case is not economically desirable as a standalone case as the anticipated work will far exceed the amount of the damages.

    (k)    The nature and length of the professional relationship with the client: Began relationship in December 2017 and the relationship continues to this day.

    (l)    Awards in similar cases: The proposed attorneys' fees award is less than the fees awarded in cases that have gone to trial within the last several years when looked at on a pro rata basis. *See Wherley v. John Schellsmidt et al*, 3:12-cv-0242-D, Dkt. 89, 2014 WL 3513028 (N.D. Tex. 2014) (Hon. Sidney Fitzwater awarded $71,695.00 in fees on a recovery of $16,138.00). *See also Howe v. Hoffman-Curtis Partners, Ltd., LLP*, 215 Fed App'x 341, 342 (5th Circ. 2007) (affirming $125,805 in attorneys' fees where the plaintiff recovered $23,357 in damages).

After considering the Johnson factors, the court may adjust the lodestar upward or downward. *Shipes v. Trinity Indus.,* 987 F.2d 311, 320 (5th Cir. 1993). However, many of the *Johnson* factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double counted. *Jason D. W. v. HISD*, 158 F.3d 205, 209 (5th Cir. 1998). Plaintiff does not seek an upward adjustment to the lodestar amount based on the *Johnson* factors. Additionally, Plaintiff opposes any reduction in fees based on degree of success, as Plaintiffs recovered 100% or more of the damages available to them. A party requesting an adjustment—whether up or down—bears the burden to justify doing so through "specific evidence" that the adjustment is necessary to ensure a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d. 319, 329 (5th Cir. 1995).

Federal Rule of Civil Procedure 54(d)(1) provides for an award of costs "to the prevailing party unless the court otherwise directs." FED. R. CIV. P. 54(d)(1). Plaintiffs are not seeking costs in this matter and are waiving them.

## IV. CONCLUSION

Plaintiffs respectfully move the Court to enter an order awarding him reasonable and necessary attorneys' fees of $99,817.50.

Plaintiffs also seek all other relief to which he is justly entitled, as determined by this Honorable Court.

Respectfully submitted,

s/ *J. DEREK BRAZIEL*
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
jdbraziel@l-b-law.com
**BRAZIEL DIXON, LLP**
1910 Pacific Ave., Ste. 12000
Dallas, TX 75201
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**GLEN J. DUNN, JR.**
Illinois Bar No. 6274852
Admission to the Bar of the Western District of Texas pending
GDunn@GJDlaw.com
Glen J. Dunn & Associates, Ltd.
121 West Wacker Drive, Suite 1414
Chicago, IL 60601
Tel: 312.546.5056
Fax: 312.546.5058

**JEFFREY GRANT BROWN**
Illinois Bar No. 6194262
Admission *Pro Hac Vice* pending
jeff@JGBrownlaw.com
Jeffrey Grant Brown, P.C.
65 West Jackson Blvd., Suite 107
Chicago, IL 60604
Tel: 312.789.9700
Fax: 312.789.9702

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I certify that on March 25, 2022, a copy of the foregoing was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the attorneys in charge for Defendant.

/s/ J. Derek Braziel
J. Derek Braziel
