## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

**ANGEL RICHARDS, SCHRUNDA
SIMPSON, KARLA MONTERROSA,
PATRICIA IDROGO, SANDRA
RICHARDSON, SHEILA HART,**

    *Plaintiffs*,

**v.**                                                    **Case No.  SA-20-CV-00685-JKP**

**AT&T SERVICES, INC.,**

    *Defendants*.

## O R D E R

Before the Court is Plaintiffs' Motion for Attorney Fees[1] and Defendant's (AT&T's) Response. *ECF Nos. 58,61,64*. The Motion is GRANTED IN PART. The Court awards Plaintiffs' attorney fees in the amount of $24,406.

### UNDISPUTED FACTUAL BACKGROUND

This action is one of eleven progeny cases from the collective action of *Mosley, et al., v. AT&T Services, Inc., et al.*, which was decertified by agreement on April 7, 2020. Plaintiffs brought suit in this Court on June 6, 2020, asserting a cause of action under the Fair Labor Standards Act ("FLSA") alleging AT&T's timekeeping system failed to account for and pay them for all of the hours they worked.

As admitted in Plaintiffs' Initial Disclosures and revealed through discovery, the maximum amount Plaintiffs could collectively recover in damages was $1,737.44. Before engaging in

---

[1] Plaintiffs elected to refrain from seeking costs of litigation. *See ECF No. 58.*

extensive litigation and prior to the filing of dispositive motions, Plaintiffs accepted Defendants' offer to allow entry of judgment against them pursuant to Federal Rule 68 in the amount of $4,074.88, to be allocated as follows: Angel Richards $673.38; Schrunda Simpson $269.24; Karla Monterrosa $330.52; Patricia Idrogo $543.10; Sandra Richardson $1,382.46; and Sheila Hart $876.18. Following the Court's approval of settlement, Plaintiffs filed this Motion for Attorney Fees, to which they are entitled under the FLSA, seeking fees of $99,817.50.

## LEGAL STANDARD

Under the Fair Labor Standards Act, a court must award reasonable attorney fees and costs of the action to the prevailing party.[2] *See* 29 U.S.C. § 216(b)[3]; *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799, n.7 (5th Cir. 2006). The Fifth Circuit uses a two-step process called the lodestar method to calculate attorney fees to be awarded in FLSA and other cases. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). Using this method, the court must first calculate the lodestar amount of an attorney-fee award. Second, the Court may adjust the lodestar amount upward or downward based upon analysis of specified factors. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

In the first step, the court calculates the lodestar by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate. *Saizan*, 448 F.3d at 799. Therefore, to calculate the lodestar, the Court first determines the reasonable number of hours that should have been expended on the litigation and then the reasonable hourly rates for the participating attorneys. *Saizan*, 448 F.3d at 799. A plaintiff seeking recovery of attorney fees holds the burden of showing the reasonableness of the hours billed and the attorneys exercised billing

---

[2] AT&T does not dispute whether Plaintiffs are a "prevailing party" to be entitled to attorney fees under the FLSA.
[3] Held to be constitutionally invalid as applied to states that have not consented to suit. *Alden v. Maine*, 527 U.S. 706, 760 (1999); *Hootselle v. Missouri Dep't of Corr.*, 624 S.W.3d 123, 131 (Mo. 2021).

judgment. *Id.* Billing judgment requires documentation of both the hours charged and the hours written off as unproductive, excessive, or redundant. *Id.* The remedy for a lack of billing judgment is a reduction in hours by a percentage intended to substitute for the exercise of billing judgment. *Id.*

There is a strong presumption of the reasonableness of the lodestar amount once the Court determines the reasonable hours that should have been spent and the reasonable hourly rates. *Perdue v. Kenny A.,* 559 U.S. 542, 552 (2010); *Saizan,* 448 F.3d at 800; *Black v. SettlePou, P.C.*, 732 F.3d at 502. In the Fifth Circuit, "the most critical factor in determining whether the lodestar amount should be adjusted is the degree of success obtained." *Saizan*, 448 F.3d at 799. However, "[w]hile a low damages award is one factor which the court may consider in setting the amount of fees, this factor alone should not lead the court to reduce a fee award." *Saizan,* 448 F.3d at 799. Accordingly, while a court must take the degree of success obtained into account, it would be an abuse of discretion for the district court to reduce a lodestar calculation based solely on the amount of damages obtained. *Black v. SettlePou, P.C.*, 732 F.3d at 503.

In its discretion, a court may decrease or enhance the lodestar amount based on twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*[4] *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995). The *Johnson* factors are: (1) the time and labor required to represent the clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional rela-

---

[4]  *Johnson* was overruled on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

tionship with the client; and (12) awards in similar cases. *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d. 714, 717-19 (5th Cir. 1974). If a *Johnson* factor was taken into account when calculating the lodestar, the lodestar may not be adjusted again based on this factor. *Saizan*, 448 F.3d at 800.

While the analysis set forth above, particularly the interplay of the lodestar analysis and the *Johnson* factors, may have been called into question by the United States Supreme Court's decision in *Perdue v. Kenny A.*, 559 U.S. 542 (2010), the Fifth Circuit continues to utilize the approach. *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 393 (5th Cir. 2016); s*ee Perdue*, 559 U.S. at 552-53; *see also Black v. Settle Pou, P.C.*, 732 F.3d at 502-03. A Court should explain with a reasonable degree of specificity the findings and reasons upon which the award is based, which includes an indication of how the *Johnson* factors were applied. *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017) (quoting *Combs*, 829 F.3d at 391).

## ANALYSIS

### Step One: Determination of Lodestar Amount

Plaintiffs seek an award of attorney fees in the amount of $99,817.50. Plaintiffs seek an award based on approximately 169 hours of attorney and paralegal time. *ECF No. 58, p. 7*. Plaintiffs' fee request pertains to work performed by five lawyers and a paralegal. *Id.* at p. 2. Plaintiffs provided the Court with time entry logs of the listed timekeepers indicating the date of work, time spent by each timekeeper, the timekeeper's hourly rate, and the charge for the entry. *See id. at Exhs. A, B*.

Upon review of the records submitted to the Court, the Court finds reductions are warranted in determination of the lodestar amount, both in the rate of compensation and in the number of hours for which compensation is requested. The Court finds proper billing judgment was

not exercised in striking excessive and duplicative work and took these deductions in reducing the lodestar amount. Therefore, further reduction for lack of billing judgment is not taken. After these reductions, the Court finds no basis to adjust the lodestar amount based on the *Johnson* factors or based upon degree of success obtained.

### 1.  Reasonable Hourly Rates

The first step in determining the lodestar is determination of a reasonable hourly rate. Reasonable hourly rates are determined based upon the prevailing rates for attorneys of similar skill and experience in the relevant market. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011). These rates are usually established through affidavits of other attorneys practicing in the relevant community. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The term "relevant community" means the city in which the district court sits. *Id*.; *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996).

In addition, the State Bar of Texas periodically produces an Attorney Hourly Rate Survey ("Rate Survey"), which details the median hourly rates for Texas attorneys, broken down by city, specialty, firm size, and years of practice, among others. Courts in this district regularly rely upon the applicable Rate Survey when determining the reasonability of a requested hourly rate. *See Rodriguez v. Mech. Tech. Servs., Inc.*, No. 1:12-CV-710-DAE, 2015 WL 8362931, at *6 (W.D. Tex. Dec. 8, 2015) (collecting cases). When relying on the Rate Survey, the Court will utilize the median rates as a starting point, and then evaluate whether the requested rates should be adjusted based upon various factors, including the nature and complexity of the litigation and the billing attorney's specific credentials or need for specialization. *Furlow v. Bullzeye Oilfield Servs., LLC*, 2019 WL 1313470, at *5 (W.D. Tex. Jan. 3, 2019), *report and recommendation adopted*, 2019 WL 1313454 (W.D. Tex. Jan. 29, 2019); *Hoffman v. L & M Arts*, No. 3:10-CV-0953-D, 2015

WL 3999171, at *2 (N.D. Tex. July 1, 2015); *Ibarra v. United Parcel Serv., Inc.*, No. MO-10-CA-113, 2013 WL 12121463, at *2 (W.D. Tex. July 9, 2013). The party seeking attorney fees bears the burden of establishing the reasonableness of the rates billed. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

## **Application**

Although the maximum amount Plaintiffs could recover in damages was $1,737.44, Plaintiffs' team of attorneys consists of three (3) senior-level litigators, two (2) junior attorneys, and one (1) paralegal. For the three most senior litigators, Plaintiffs seek to recover fees at the hourly rate of $650 for Derek Braziel, $595 for Glen Dunn, and $590 for Jeff Brown. For the next tier of junior litigators, Plaintiffs seek to recover fees at the hourly rate of $495 for Michael Hallock and $350 for Elizabeth Beck. For the paralegal Maria Ruiz, Plaintiffs seek to recover fees at the hourly rate of $195.

As support for the requested hourly rates, Plaintiffs' submit affidavits from Mr. Braziel and Mr. Dunn and an unsubstantiated and unrecognized survey of requested attorney-fee rates of employment lawyers in Texas. Plaintiffs do not provide affidavits from other attorneys in the San Antonio community to assess the current rates for attorneys in this type of litigation. Because AT&T challenges these rates, the Court will use the Rate Survey as the only guide for determination of applicable reasonable rates for attorneys in the San Antonio area who practice litigation in these FLSA cases. *See Tollett*, 285 F.3d at 368. The current version of the Rate Survey is for the year 2015. *See* State Bar of Texas, 2015 Hourly Rate Fact Sheet. The 2015 Rate Survey lists a median rate of $258 for labor and employment attorneys practicing in the San Antonio area. *Id.* at 10. Due to the age of the Rate Survey, the Court will account for the necessary increase in hourly rates since 2015.

### a. Senior Attorneys

In his declaration, Derek Braziel attests his current hourly rate is $650, that he has 20 years of experience in labor law, is Board Certified in Labor and Employment Law by the Texas Board of Legal Specialization, and has been lead counsel in over 200 overtime cases like the one at issue here. *ECF No. 58, Exh. A, ¶¶ 4,5,7,9,14*. Mr. Braziel does not cite any case in which he was awarded fees at the rate of $650 per hour. Mr. Braziel requested an hourly rate of $495 in a 2015 case in the Western District of Texas, and these fees were reduced to $350/hour. *Rodriguez v. Mech. Tech. Services, Inc.*, 2015 WL 8362931, at *5. In a 2018 case in the Northern District of Texas, Mr. Braziel's hourly rate was reduced to $350/hour. *Leal v. All-City Trailer Repair, L.P.*, No. 3:16-CV-03274-N, 2018 WL 4913786, at *3-*4 (N.D. Tex. Oct. 10, 2018). Although both cases used a different Rate Survey than the 2015 edition applicable to San Antonio in this case, the Court finds the Courts' determinations in these cases to be persuasive and applicable here.

Downward adjustment is also supported by an attorney-fee award in a similar case litigated in 2019 in the San Antonio Division. *See Furlow*, 2019 WL 1313470, at *5. In *Furlow*, the Court held a senior attorney who led a 15-attorney firm and had extensive FLSA experience should be awarded fees at the hourly rate of $325 for litigation in San Antonio. *Id*.

The Court finds Mr. Braziel has substantial experience that is relevant to this case, and some upward adjustment from the 2015 Rate Survey's median rate for San Antonio area labor and employment attorneys is justified. However, the Court finds insufficient justification for an upward adjustment to more than double the median rate. No distinguishing or unusual facts support the requested significant upward adjustment, and Plaintiffs offer no evidentiary support to determine a rate of $650/hour is reasonable. Consequently, taking the Rate Survey into consideration, the skills required in litigating and settling this case, and Mr. Braziel's experience, the

Court finds a reasonable rate for an attorney of Mr. Braziel's experience and longevity in the San Antonio community is $350.

For the same reasons, the Court finds Mr. Dunn's requested rate of $595/hour and Mr. Brown's requested rate of $590/hour are not reasonable, and downward adjustment is warranted. Accordingly, the Court finds a reduction in Mr. Dunn's hourly rate proportional to Mr. Braziel's is reasonable. Taking the Rate Survey into consideration, the skills required in litigating and settling this case, and Mr. Dunn's experience, the Court finds a reasonable rate for an attorney of Mr. Dunn's experience and longevity in the San Antonio community is $320/hour.

Plaintiffs offer no evidentiary support or any justification for Mr. Brown's hourly rate. Nothing in the record explains his qualifications or longevity. For this reason, the Court has no justifiable basis to award an hourly rate above the median rate of $258/hour for Mr. Brown.

### b.  Junior Attorneys

For the junior attorneys, Plaintiffs request $495 per hour for senior associate Michael Hallock and $350 for fourth year lawyer Elizabeth Beck. In his declaration, Mr. Dunn attests he did not submit any time entries or seek compensation for Mr. Hallock's work on this case. For this reason, Mr. Hallock's reasonable hourly rate will not be assessed. *ECF No. 58, Exh. B, ¶ 11.*

The parties do not provide any declaration or evidentiary support for Ms. Beck's requested hourly rate. The record indicates Ms. Beck has been licensed for four years. According to the Rate Survey, the median hourly rate for attorneys licensed 0 to 6 years and practicing in the San Antonio area is $200. Based upon the Rate Survey and in light of the scant information contained in the record, the Court finds no reason to depart from the Rate Survey median hourly rate of $200 for Ms. Beck. *See Furlow*, 2019 WL 1313470, at *4–6.

### c.  Paralegal

Plaintiffs seek fees for the work of paralegal Maria Ruiz at the rate of $195/hour but offer no declaration or evidentiary support to justify this hourly rate.

Paralegal fees are recoverable on the theory that legal assistants can provide necessary services at a lower rate than would be charged by an attorney. *See Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995). The Texas State Bar's 2014 Paralegal Division Compensation Survey sets the median hourly rate for a paralegal in San Antonio at $121.

Because Plaintiffs present no supporting evidence pertaining to Ms. Ruiz, they fail to demonstrate Ms. Ruiz holds any qualifications that would justify a rate higher than the suggested median. The court determines her reasonable hourly rate is $121. *See Rodriguez v. Mech. Tech. Services, Inc.*, 2015 WL 8362931, at *6; *Sifuentes v. KC Renovations, Inc.*, No. 5-19-CV-00277-RBF, 2022 WL 1050381, at *4-5 (W.D. Tex. Apr. 6, 2022).

In summary, the Court finds the reasonable hourly rate to be charged by Derek Braziel is $350/hour, Glen Dunn is $320/hour, Jeff Brown is $258/hour, Elizbeth Beck is $200/hour, and Maria Ruiz is $121/hour.

### 2. Reasonable Hours Expended

The second step of calculating the lodestar is to determine the reasonable number of hours the attorneys and staff should have expended litigating the case. The party seeking attorney fees holds the burden of showing the reasonableness of the hours billed and proving they exercised billing judgment. *Saizan*, 448 F.3d at 799. "Billing judgment requires documentation of both the hours charged and the hours written off as unproductive, excessive, or redundant." *Id.* The remedy for a lack of billing judgment is a reduction in hours "by a percentage intended to substitute for the exercise of billing judgment." *Id.*

Plaintiffs seek an award based on approximately 169 hours of attorney and paralegal time. *ECF No. 58, p. 7.* Plaintiffs also provide a log of time entries stricken; however, the log does not designate the timekeeper associated with the stricken entry and totals only 5.5 hours. Given the hourly rate of $595 associated with the strikes, the Court presumes these entries all pertain to Mr. Dunn. None of the other attorneys reduced any logged hours as excessive or redundant. Mr. Dunn attests he did not bill for Mr. Hallock's time. However, this write-off was due to internal mistakes and lack of documentation, not due to billing judgment. *ECF No. 58, Exh. B.*

In support of their Motion, Plaintiffs produced extensive spreadsheets of the attorneys' time entries, sorted by date, category of work, and timekeeper. *ECF No. 58, Exhs. A, B.* AT&T reviewed these time entries and formulated spreadsheets of entries that should be reduced or eliminated and the amounts to be reduced. AT&T argues Plaintiffs' counsel failed to show the hours expended are reasonable and failed to exercise billing judgment because the fee submissions contain many entries that are duplicative, vague or inaccurate, unrelated to this litigation, and that constitute clerical work.

Each argument is addressed below.

### a. Not Related, Vague, or Inaccurate Entries

The requesting party bears the burden to produce supporting documentation that allows a court to verify entitlement to a specific attorney-fee award. *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010). Courts may reduce or eliminate hours when the supporting documentation is too vague or incomplete to permit meaningful review. *La. Power & Light Co. v. Kellstrom*, 50 F.3d at 326.

Review of the timesheets submitted reveal some unexplained inconsistencies that cannot be reconciled, as well as vague entries. The timesheets also reveal work that does not pertain to

this particular litigation. The Court finds these discrepancies are accurately reflected on the "Work Not Related to Case to Strike" chart and the "Vague Time Entries to Strike" chart provided by AT&T. *See ECF No. 61, Exh. A.*

To provide a reasonable degree of specificity, the Court finds Plaintiffs' counsel submitted entries for work that is not related to this case, particularly work associated with decertification of Plaintiffs' claims in the *Mosley-Lovings* case. *See ECF No. 58, Exhs. A,B.* Counsel also provides entries for work that cannot relate to this case based on the timing of the entry, and therefore, cannot be reconciled. Specifically, Mr. Brown's April/May 2020 entries for reviewing the draft Complaint precede Mr. Dunn's June 3 and June 6 entries for drafting it. *Id.* Mr. Dunn and Mr. Braziel both recorded time for drafting and revising interrogatories on October 23, 2020, but they served this discovery the day before. *ECF No. 61, Exhibit B-2, Oct. 22, 2020 Email Accompanying Interrogatories*; *ECF No. 58, Exh. A, p. 8; ECF No. 58, Exh. B, p. 10.* Similarly, in February 2021, Mr. Braziel recorded time for reviewing computer data produced by AT&T; however, AT&T's production did not begin until almost a month later. *ECF No. 61, Exhibit B-3, March 11, 2021 Initial Production*; *ECF No. 58, Exh. A, p. 8.* The Court will not endeavor to reconcile these seeming inaccurate inconsistencies. They will be stricken.

Some time entries provide little detail as to the work actually performed. Mr. Brown includes multiple entries for "Received correspondence from OC providing link to document production. JGB" These entries are not only vague, but also excessive and duplicative. Receipt of correspondence should not be a billed to a client in the exercise of billing judgment. Some entries contradict or duplicate work performed by a non-timekeeping employee of Mr. Dunn's firm. In a Declaration, Pongpak Deepipat swore he created pivot tables and performed the IEX data analysis; however, Mr. Dunn submitted a time entry billing for this work. *ECF No. 61, Ex-*

hibit E, *Deepipat Declaration; ECF No. 58, Exh. B-1*. The Court will not endeavor to reconcile these seeming inaccurate inconsistencies. These entries will be stricken.

The Court is mindful that this case proceeds at the same time as the other related, progeny cases, and depositions and other discovery can pertain to all cases. However, billing for this duplicative work should be tempered, and it appears some billing that should be assigned to the other related cases is entered in this case. These time entries will be stricken.

The Court finds the hours to be stricken as vague, inaccurate, or not related are accurately reflected in the chart provided by AT&T. *ECF No. 61, Exh. A*. These hours total 5.2 hours for Mr. Braziel, 37.6 hours for Mr. Dunn, and 1.3 hours for Mr. Brown.

> **b. Duplicative**.

Time that is duplicative or redundant should be excluded from an award of attorney fees. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *Hensley*, 461 U.S. at 432-34). Hours resulting from overstaffing a case, even though actually expended, are not reasonable, and should be excluded from an award of attorney fees. *Brown v. Sea Mar Mgmt, LLC*, No. Civ. 04-1486, 2006 WL 3328194, at *3 (W.D. La. Nov. 15, 2006). The court shall reduce submitted time entries to eliminate unnecessary duplication of effort by different team members. *Castro*, 2017 WL 6381742, at *6; *Clark v. Centene Corp.*, No. A-12-CA-174-SS, 2015 WL 6962894, at *5 (W.D. Tex. Nov. 10, 2015).

Plaintiffs' counsel consists of three senior attorneys from three different, out-of-town law firms. Based upon the billing statements, these senior attorneys did not always divide the work to be completed, but instead all completed the same work, review, and oversight, leading to inefficiencies and duplication of work. The Court is mindful that all attorneys need to review work, communications, and filings to stay informed; however, not all of this duplicative and repetitive

work is recoverable. In the exercise of billing judgment, this duplicative work and review must be reduced in the presentation and calculation of reasonable hours expended. *See Saizan*, 448 F.3d at 800.

As reflected in the billing statements submitted and AT&T's "Duplicative Work to Strike" chart, Plaintiffs' attorneys billed duplicative or repetitive work. All three senior plain-tiffs' attorneys billed time for review, drafting or analysis of the Complaint in this case although the Complaint was substantively identical to those already filed in other progeny, related cases. *See ECF No. 58, Exhs. A,B; ECF No. 61, Exh. A*; *cf. ECF No. 1 in Salinas v. Southwestern Bell Tel. L.P., et al.*, No. 3:20-cv-01453-X (N.D. Tex.); *ECF No. 1 in Beans v. Southwestern Bell Tel. L.P., et. al.*, No. 3:20-cv-01451-L (N.D. Tex.). As shown by AT&T's chart, much of the duplica-tion in this case involves time in which all three senior-level attorneys reviewed the same plead-ings or same communications from opposing counsel. *See ECF No. 58, Exhs. A,B; ECF No. 61, Exh. A*. Almost all of Mr. Brown's time entries are for receipt and review of communications or filings by opposing counsel. *See ECF No. 58, Exh. B-3*. This same review was conducted by the other two senior level attorneys. *See ECF No. 58, Exhs. A, B-1*. For example, on December 7, 2020, all three senior attorneys recorded entries for reviewing an email from opposing counsel and attached discovery responses. *See ECF No. 58, Exh. A*, p. 8; *See ECF No. 58, Exh. B pp. 10 & 20*. Mr. Brown included a time entry when he "Filed same." *Id. at p. 20*. Multiple entries re-veal all three senior attorneys repeatedly billed time for reviewing the same emails from Oppos-ing Counsel or for reviewing the same work. *See ECF No. 61, Exh. A*. While these tasks may be necessary for all three senior attorneys to remain informed and to collaborate, this necessity is not necessarily recoverable and is not "reasonable hours expended". *See Brown v. Sea Mar*

*Mgmt,* 2006 WL 3328194, at *3; *Clark v. Centene Corp.*, 2015 WL 6962894, at *5; *Castro*, 2017 WL 6381742, at *6.

For these reasons the Court finds these time entries will be stricken. The Court finds the hours to be stricken are accurately reflected in the chart provided by AT&T in Exhibit A. These hours total 6.2 hours for Mr. Braziel, 4.3 hours for Mr. Dunn, and 1.7 hours for Mr. Brown.

### c. Clerical work

Clerical work is not recoverable in an award of attorney fees, even where such clerical work is performed by an attorney. *See Black v. SettlePou, P.C.*, 2014 WL 3534991, at *6. Clerical or secretarial costs are part of an attorney office overhead and are reflected in the billing rate. *Stevenson v. Lasalle Corrections Transport, LLC*, 2015 WL 11120525, at *3 (N.D. Tex. Apr. 21, 2015); *Furlow*, 2019 WL 1313470, at *6–7. These non-recoverable administrative or clerical tasks consist of: "reviewing court notices, scheduling, notifying clients and counsel of deadlines, preparing filings, maintaining files, copying, printing, labeling, and emailing documents, and communicating with court staff." *Meadows v. Latshaw Drilling Company, LLC*, 2020 WL 291582, at *4 (N.D. Tex. Jan. 21, 2020); *Furlow*, 2019 WL 1313470, at *7; *Castro*, 2017 WL 6381742, at *6; *Aguayo v. Bassam Odeh, Inc.*, 2016 WL 7178967, at *12-13 (N.D. Tex. Dec. 8, 2016).

AT&T provides an accurate chart of the time entries that are clerical in nature, such as: composing an email to opposing counsel attaching discovery, "Receipt and review of email from ECF," filing of received documents, scheduling depositions or notifying clients.

For these reasons the Court finds these time entries will be stricken. The Court finds the hours to be stricken are accurately reflected in the chart provided by AT&T. *ECF No. 61, Exh. A.*

These hours total 7.6 hours for Mr. Braziel, 20.4 hours for Mr. Dunn, and 4.85 hours for Mr. Brown.

### C. Lodestar Calculation

Based on the foregoing, the Court calculates the lodestar to be $24,406 as detailed below:

| | Derek Braziel | Glenn Dunn | Jeff Brown | Elizabeth Beck | Maria Ruiz | |
|---|---|---|---|---|---|---|
| Reasonable Hourly Rate | $350 | $320 | $258 | $200 | $121 | |
| Hours billed | 35.8 | 109.7 | 12.35 | 10.2 | 1.3 | |
| Hours reduced | (19.0) | (62.3) | (7.85) | (0) | (0) | |
| Reasonable Hours | 16.8 | 47.4 | 4.5 | 10.2 | 1.3 | |
| | | | | | | |
| Lodestar Amount (Reasonable Rate x Reasonable Hours) | $5,880 | $15,168 | $1,161 | $2,040 | $157 | $24,406 |

### D. Lodestar Adjustment

After determining the initial lodestar figure, a court may then make upward or downward adjustments based upon the *Johnson* factors, provided that any such factor considered for an adjustment was not already included in the initial lodestar calculation. *Black v. SettlePou, P.C.*, 732 F.3d at 502; *Watkins*, 7 F.3d at 457. AT&T seeks a significant reduction of the lodestar amount, based on Plaintiffs' limited success, as demonstrated by the low settlement amount.

"In a lawsuit initiated under the FLSA, 'an attorney's failure to obtain every dollar sought on behalf of his client does not automatically mean that the modified lodestar amount should be reduced." *Saizan*, 448 F.3d at 799. "Given the nature of claims under the F.L.S.A., it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples." *Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 Fed. Appx. 341, 342 (5th Cir. 2007*); Sifuentes*, 2022 WL 1050381, at *7.

The Court will not make this requested downward adjustment to the lodestar under these facts. Based upon the nature of this litigation and the potential recoverable damages, the Court finds the attorney fees incurred litigating this matter would always greatly exceed any amount recovered by Plaintiffs. In addition, the degree of success is not calculable under these facts.

The remainder of the *Johnson* factors have all been subsumed within the lodestar calculation. To the extent the factors haven't been so subsumed, they don't warrant an adjustment under the circumstances presented here. "[I]t is not necessary for a district court to examine each of the factors independently if it is apparent that the court has arrived at a just compensation based upon appropriate standards." *See Sanders v. Barnhart*, No. 04–10600, 2005 WL 2285403, at *2 (5th Cir. Sept.19, 2005) (per curiam); *Sifuentes*, 2022 WL 1050381, at *8.

## CONCLUSION

Based upon the foregoing reasons, Plaintiffs' Motion for Attorney Fees and Costs (ECF No. 58) is GRANTED IN PART. Plaintiffs shall recover attorney fees in the amount of $24,406. Costs are waived. All other requested relief is DENIED.


It is so ORDERED.
SIGNED this 27th day of June, 2022.


_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE